CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 14 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 7:03CR00109 |
| v. ) | MEMORANDUM OPINION |
| ) | |
| ALPHONSO BUSTER GILBERT, ) | By: James C. Turk |
| ) | Senior United States District Judge |
| Defendant. ) | |

The defendant has filed a pro se pleading that the Court construes as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. Upon review of the motion and court records, the Court dismisses the § 2255 motion as successive, and denies a certificate of appealability.

I

Alphonso Buster Gilbert was convicted of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Because Gilbert was determined to be an armed career criminal under 18 U.S.C. § 924(e), he was subject to a fifteen-year statutory mandatory minimum sentence. Although the Court expressed at sentencing that it thought the sentence was excessive for the conduct involved in the offense, the Court also noted that it was prohibited from imposing a sentence below that minimum. See ECF No. 51, Exhibit (Sentencing Transcript at 14); ECF No. 28 (judgment imposing 180-month sentence).

After judgment was entered against him, Gilbert appealed and the Fourth Circuit affirmed the judgment of this Court. ECF No. 45; United States v. Gilbert, 430 F.3d 215 (4th Cir. 2005), cert. denied, 549 U.S. 832 (2006). Gilbert subsequently filed a motion to vacate, set aside or correct his sentence under 29 U.S.C. § 2255, raising a number of challenges to his conviction and

sentence, including a challenge to his status as an armed career criminal. See Gilbert v. United States, No. 7:06-cv-740, ECF No. 1. This Court denied the motion in an 18-page opinion. Id., ECF Nos. 9, 10. Once again, Gilbert appealed, but the Fourth Circuit declined to issue a certificate of appealability, instead dismissing his appeal. Id., ECF No. 15.

On August 14, 2012, the Court received from Gilbert a pleading he styled as a "Motion pursuant to F.R.Civ.P. Rule 59(e)." ECF No. 51. In it, he requests that the court "reconsider its previous construing [sic][1] and consider construing it under Rule 60(b) in order to give the court the jurisdiction to grant the relief that the court felt was reasonable, and to prevent a clear manifest injustice." Id. at 1. He contends that "the presentence investigator committed fraud on the court" by stating that Gilbert qualified as an armed career criminal, and argues that his criminal history did not include three violent felonies as required to render Section 924(e) applicable. Id. As a result, he contends the criminal judgment against him is "void" for "lack of jurisdictional authority to sentence." Id. at 2. Finally, he explains that he had attempted to obtain relief via § 3582(c), but now recognizes that this was the "wrong vehicle." Id.

As explained herein, the Court concludes that Gilbert's filing is properly construed as a § 2255 motion, and not as a motion for relief from judgment under any provision of Rule 59 or Rule 60. So construed, his motion is a successive § 2255 motion that he has not received permission to file. Accordingly, the motion is DISMISSED.

---

[1] Although it is not clear from his filing, it may be that Gilbert's reference to the Court "previous[ly] construing" a document is a reference to this Court's July 24, 2012 Order, in which it denied Gilbert's motion requesting relief pursuant to 18 U.S.C. § 3582(c)(2) after construing it as a request for modification of his sentence. See ECF No. 50, denying ECF No. 49. Indeed, he appears to reference that order in the second page of his filing. Regardless of what order he wants the Court to reconsider, his claim is properly made in a § 2255 motion, as discussed herein.

II

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a motion to alter or amend a final civil judgment, but requires that any such motion be filed not later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e). An untimely Rule 59 motion can also be construed as a motion pursuant to Rule 60. See Copley v. United States, 106 F.3d 390, 1997 WL 23991, *1 (4th Cir. 1997) (unpublished) (an untimely motion under Rule 59 "should be construed" as a Rule 60 motion). Rule 60 allows a party to seek relief from a final judgment, order, or proceedings in a limited number of circumstances, including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; and (6) "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1)-(5).

Here, Gilbert's motion makes clear that he is seeking relief from the criminal judgment against him. Such an attack on a federal criminal judgment, regardless of its label, is properly construed as a motion pursuant to 28 U.S.C. § 2255. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010 (proper vehicle for a person convicted in federal court to challenge the validity of his judgment and sentence is a § 2255 motion). Moreover, a defendant may not use Rule 59 or Rule 60 to evade the successive petition bar in 28 U.S.C. 2244(b) by bringing new claims that challenge the underlying conviction or sentence or that attack "the substance of the federal court's resolution of a [prior habeas] claim on the merits." See, e.g., Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (addressing proper construction of Rule 60(b) motions in proceedings under 28 U.S.C. § 2254).[2] A motion that attempts such an attack must be construed and summarily dismissed as a successive § 2255 motion. Id.; United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (applying same principles to Rule 60(b) motions in § 2255 action and

---

[2] Gilbert's claim here, in any event, does not appear to be "new." Instead, he simply recasts as a fraud claim his earlier challenge to his status as an armed career criminal, a challenge this Court has rejected.

stating that "a motion directly attacking the prisoner's . . . sentence will usually amount to a successive application").

Because Gilbert's submission clearly challenges the criminal judgment against him, the Court construes it as a second or successive § 2255 motion. Gonzales, 545 U.S. at 532. This Court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Gilbert offers no indication that he has sought or obtained certification from the court of appeals to file a second or successive § 2255 motion. Accordingly, his motion is dismissed as successive.

### III

For the foregoing reasons, it is ORDERED that Gilbert's submission (ECF No. 51) is hereby CONSTRUED as a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C.A. § 2255. The Clerk is DIRECTED to redocket the motion (ECF No. 51) as a § 2255 motion. Additionally, the § 2255 motion is hereby DENIED without prejudice as successive and should be STRICKEN from the active docket of the court.

Finally, a Certificate of Appealability is DENIED, based upon the court's finding that the defendant has not made the requisite showing of denial of a substantial right.

ENTERED: November 7th, 2012

/s/ James C. Turk
Hon. James C. Turk
Senior United States District Judge